SAXL v. KINKADE.

(Supreme Court, Appellate Term. November 11, 1910.)

ASSIGNMENTS (§ 137*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action for storage and repairs to an automobile, evidence *held* insufficient to support a judgment that plaintiff was assignee of the garage company, which stored the machine in question.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 234; Dec. Dig. § 137.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Leo Saxl against Frederick W. Kinkade. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Joseph G. Fenster, for appellant.

Samuel Lewis, for respondent.

BIJUR, J. Plaintiff is the assignee of one Springer, the intermediate assignee of the Empire State Garage, where defendant stored his automobile. The action is for storage and repairs from December, 1909, to March, 1910.

Springer testified that "in September, 1909, all the open accounts on the books" of the garage were assigned to him, and, again, that in September, 1909, "all the general accounts receivable were assigned" by resolution, but he did not know whether or not any other accounts were assigned after 1909. Defendant moved to dismiss, on the ground that the plaintiff had not made out a case, and pointed to the evidence that the assignment was made before the cause of action arose. The court refused to grant the motion, saying:

"No; he testified that they assigned all open accounts."

As the exact terms of the assignment are not in evidence, and as it does not appear how, under the testimony given, the claim in suit has been assigned to this plaintiff, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.